UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

STEVEN CHOI,

             Defendant.
_____

**DECISION AND ORDER**

6:17-CR-06008 EAW

Currently pending before the undersigned is a *pro se* motion filed by defendant Steven Choi ("Defendant") for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). (Dkt. 32).

Defendant was sentenced by the undersigned on May 31, 2017, to a time served sentence with 15 years of supervised release to follow, based on his conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Dkt. 27). According to a memorandum submitted by the United States Probation Office ("USPO") in response to the pending motion, Defendant is scheduled to complete his supervised release term on May 30, 2032. (Dkt. 35 at 1). The USPO reports that Defendant has experienced some struggles during supervision, resulting in re-enrollment in sex offender treatment that he successfully completed on December 11, 2023. (*Id.* at 1). The USPO opposes early termination of supervision. (*Id.* at 2). The United States Attorney's Office also opposes early termination of supervision. (Dkt. 34).

Section 3583(e)(1) of Title 18 of the United States Code states, in relevant part, as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

Here, Defendant has served the necessary time on supervised release to qualify for an early termination. However, the circumstances do not justify granting early termination. While Defendant has made significant progress while under supervision and appears to be doing well, given the nature and circumstances of Defendant's offense, his history and characteristics, as well as the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from any further crimes that Defendant may commit, the Court concludes that granting Defendant's request for early termination of supervised release at this time would be inappropriate and inconsistent with the interest of justice.

Accordingly, Defendant's motion for early termination of supervised release (Dkt. 32) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 24, 2024
       Rochester, New York